IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PATRICK FURMAN BROWN, | CR No. 5:98-282-JFA<br><br>**MEMORANDUM, OPINION, &<br>ORDER** |

This matter is before the court on defendant Patrick Furman Brown's motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). (ECF No. 89). Brown asks this Court to consider the procedural history of this case, his already reduced sentence from a term of life imprisonment, and his rehabilitation while incarcerated in modifying his remaining prison term. For the reasons stated below, Defendant's motion is denied.

I.   FACTUAL AND PROCEDURAL HISTORY

On January 20, 1999, following a trial presided over by the Honorable Charles E. Simons, a jury convicted the Defendant of conspiracy to possess with intent to distribute cocaine base (Count 1), three counts of possession with intent to distribute cocaine base (Counts 2, 4, and 5), and using and carrying a firearm during and in relation to a drug trafficking crime (Count 3). The United States Probation Office (USPO) prepared a Presentence Report (PSR) in which it found that the Defendant killed another person during the course of the conspiracy under circumstances that would constitute murder. Accordingly, the USPO applied the U.S.S.G. § 2A1.1 cross-reference to the first-degree

1

murder guideline. (PSR ¶ 30). Additionally, the USPO found that Defendant intimidated a witness and applied the obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1. (PSR ¶ 33). The Honorable Dennis Shedd sentenced Defendant to life in prison on Count 1; 480 months on Counts 2, 4, and 5; and 60 months consecutive on Count 3. (ECF No. 28).

On appeal, Defendant argued the Court erred in applying the cross-reference to the first-degree murder guideline. The Fourth Circuit Court of Appeals affirmed his sentence and held, "[b]ecause the facts and circumstances surrounding [the victim's] murder establish premeditation by a preponderance of the evidence, the district court did not err in applying the cross-reference to the first-degree murder guideline and sentencing Brown to life imprisonment." *United States v. Brown*, 2000 WL 1033077 at 2 (July 27, 2000). The Defendant then filed a petition for a writ of certiorari to the United States Supreme Court. The United States Supreme Court granted the writ, vacated the judgment, and remanded to the Fourth Circuit in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

On remand, the Fourth Circuit, in applying *Apprendi*, held because the quantity of drugs was not alleged in the indictment, the Defendant's statutory maximum sentence was 85 years, not life imprisonment.[1] The Court found the error was plain and affected his

---

[1] This 85-year sentence included a maximum of 20 years on Counts 1, 2, 4, and 5, and 5 years consecutive on Count 3 (18 U.S.C. § 924(c)).

2

substantial rights. However, because the evidence was overwhelming and it was essentially uncontroverted that the conspiracy involved a threshold drug quantity sufficient to support an enhanced sentence under 21 U.S.C. §§ 841(a) and 841(b)(1)(A), the Court affirmed and declined to notice the error in the Defendant's life sentence.[2]

To be clear, the Fourth Circuit never held the murder cross-reference was improperly applied to Defendant. *United States v. Brown*, 42 F. App'x 601, 603 (4th Cir. 2002)("Because the murder occurred during the course of the conspiracy, the district court properly included the murder as relevant conduct."). The problem arose in that the murder cross-reference was used along with an erroneous assumption of the permissible sentencing range applicable to Defendant's drug related convictions. *Id.* ("Relying on drug quantity in the presentence report, the district court, however, improperly assumed that the maximum sentence under § 846 was life imprisonment."). Thus, the District Court improperly utilized the otherwise applicable murder cross-reference to sentence Defendant above the statutory maximum sentence of 85 years. *Id.* ("Thus, since drug quantity was not charged in the indictment, the maximum prison term for Brown's multiple convictions is eighty-five years."). The Fourth Circuit acknowledged the error but declined to reverse the sentence "because the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings where, as here, the evidence was overwhelming and essentially

---

[2] The Fourth Circuit initially issued an opinion recognizing the error and remanded the case for resentencing. However, in the second opinion (cited above), the Fourth Circuit declined to notice the *Apprendi* error.

uncontroverted that the conspiracy involved a threshold drug quantity sufficient to support an enhanced sentence under 21 U.S.C. § 841(b)(1)(A)." *Id.* (internal quotations omitted).

In June 2009, the Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C.§ 3582(c)(2) and Amendment 706, which modified the guidelines for crack cocaine. (ECF No. 50). The district court denied the motion and ruled "Amendment 706 does not apply because this case was cross-referenced to the base offense level for first degree murder." (ECF No. 53). In January 2016, the Defendant filed a motion he titled "Defendant's corrected motion to remove cross reference on [Count 1] Case No. 99-4943" in which he requested the court remove the murder cross-reference and resentence him. (ECF No. 55). The district court denied the motion. (ECF No. 56). The court noted it can modify a sentence only in very limited circumstances as provided in 18 U.S.C. § 3582(c). The court determined "[b]ecause none of these provisions applies, the court, even if it were inclined to do so, is without jurisdiction to modify Defendant's sentence to remove the cross-reference for murder, and thereafter amend his sentence to reflect changes in the sentencing guidelines." (ECF No. 56 at 3).

On June 17, 2019, the Defendant filed a motion to reduce his sentence pursuant to the Section 404(b) of the First Step Act. (ECF No. 59). The Honorable Margaret Seymour granted his motion, and after considering the 18 U.S.C. § 3553(a) factors, she resentenced him to 540 months. (ECF No. 67). This 540-month sentence consisted of 240 months as to Counts 1 and 2 to run concurrently; 240 months as to Counts 4 and 5 to run consecutively to Counts 1 and 2; and 60 months as to Count 3 to run consecutively to all counts. In granting this motion, Judge Seymour noted that the applicable Guideline requires

4

consecutive 20-year (240 month) sentences be imposed as to Counts 1, 2, 4, and 5, for a total sentence of 80 years (960 months), plus a consecutive term of 5 years (60 months) as to Count 3. (ECF No, 67, p. 2). Thus, Judge Seymour acknowledged the applicable guidelines at that time called for an 85-year sentence. Despite this, she then conducted an individualized analysis of the §3553(a) factors and ultimately issued a 45-year (540 month) sentence—a 40-year reduction from the Guideline Sentence.

In September 2020, the Defendant filed a motion for compassionate release based on his increased risk of complications from contracting COVID-19. (ECF No. 77). After considering Defendant's arguments regarding his risk and addressing factors particular to his case, Judge Seymour denied his motion. (ECF No. 86).

On July 31, 2024, Brown, through counsel, filed the instant motion for compassionate release asking for a reduced term of incarceration based on the procedural history of this case, his already reduced sentence from a term of life imprisonment, and his rehabilitation while incarcerated in modifying his remaining prison term. The government timely filed a response in opposition (ECF No. 99) to which Defendant replied (ECF No. 100). Because Judge Seymour has since retired from the bench, the undersigned was reassigned this matter.

## II.  LEGAL STANDARD

*Extraordinary and Compelling*

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under

§ 3582(c)(1)(A)(i), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id.* at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion

on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

Here, the government concedes that Defendant has exhausted his administrative remedies. Thus, the court will proceed to review the matters on the merits.

### III.  DISCUSSION

To support his motion for a sentence reduction, Defendant invokes the "catchall" provision detailed in subsection (b)(5) of the policy statement. *See* U.S.S.G § 1B1.13(b)(5). Besides the specifically enumerated reasons for which an inmate can be granted compassionate release such as medical reasons or family circumstances, the newly amended Sentencing Guidelines includes a catchall provision under U.S.S.G. §1B1.13(b)(5) titled "Other Reasons." This section states that compassionate release may be granted if:

> [t]he defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. §1B1.13(b)(5).

"This catchall maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justification for release." *United States v. Brown*, 2023 WL 8653179 at *2 (D. Md. Dec. 13, 2023).

7

Defendant argues that this court should look to his criminal prosecution's complex procedural history, his already reduced sentence term, and his rehabilitative efforts while incarcerated in support of his motion for compassionate release. Despite Defendant's contentions, none of his arguments—whether considered in isolation or in combination—constitute circumstances that could be considered extraordinary or compelling. Each reason is addressed in turn below.

First, the court looks to Defendant's arguments regarding the complex procedural history of this litigation. To be sure, Defendant's case has traversed a tumultuous legal landscape to arrive at its current location. Defendant had his life sentence given by Judge Shedd after Judge Simons presided over the jury trial. That sentence was originally affirmed in the Fourth Circuit only to be remanded by the Supreme Court in light of *Apprendi*. The sentence was then vacated by the Fourth Circuit only to be reinstated by the same panel several months later. The Fourth Circuit acknowledged that Defendant's life sentence was the product of plain error, but nevertheless left it intact given the "overwhelming" and "essentially uncontroverted" evidence of drug weights produced at trial. Arguably, Defendant should have been entitled to a reduction in sentence to the statutorily allowed maximum sentence of 85 years. However, in granting Defendant's prior Motion to Reduce Sentence under the First Step Act, Judge Seymore acknowledged the now-applicable range of 85 years, yet deemed a heavily reduced sentence of 45 years to be appropriate. (ECF No. 67). Thus, Defendant has already been given the benefit of a lowered Guideline range and further received a sentence reduced by 40 years. Accordingly, Defendant has failed to show how an elongated procedural history that resulted in a

8

sentence 40 years below the corrected Guidelines is "similar in gravity" to the other provisions allowing for compassionate release.

Relatedly, Defendant argues that the "cross reference [to murder] still remains an obstruction to Mr. Brown and without its imposition—which again the appellate courts have noticed as error—he would likely be serving an even lower sentence than he is now." (ECF No. 89, p. 9).[3] Not so. As stated above, the murder cross-reference was properly applied at the time of sentencing.[4] Although it was then improperly combined with an erroneous assumption of the statutory maximum allowed for his drug convictions, that error has since been rectified by his reduction in sentence to 45 years.

Defendant also points to his tireless efforts at rehabilitation while incarcerated. The court acknowledges Defendant's rehabilitative efforts in prison and commends him for taking advantage of more than 20 courses and programs offered in the Bureau of Prisons. Defendant has also completed over 500 hours of employment through the prison work program while accruing only two disciplinary infractions during his 25 years of incarceration. However, as Defendant acknowledges, rehabilitation alone cannot be an extraordinary and compelling reason for compassionate release. U.S.S.G. §1B1.13(d). "However, rehabilitation of the defendant while serving the sentence may be considered in

---

[3] Defendant again averred in his reply that "his sentence would likely be even lower but for the murder cross-reference." (ECF No. 100, p. 2). However, Defendant provides no support or evidence for such an assertion.

[4] Throughout his briefing, Defendant appears to argue that the murder cross-reference was inappropriately applied given his later state court conviction for voluntary manslaughter based on the same killing. The court declines Defendant's attempt to essentially amend his presentence report retroactively—especially considering the three Fourth Circuit opinions holding that the murder cross-reference was properly applied.

9

combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* Stated simply, Defendant's rehabilitative efforts fall short of establishing an extraordinary and compelling reason which would warrant a sentence reduction, even when considered with his other arguments. The court recognizes Defendant's efforts, but essentially, he has completed less than 1 program and 20 hours of work per year over the past 25 years of incarceration. These efforts do not warrant a sentence reduction.

Defendant also asks this court to consider the totality of Defendant's current circumstances when looking for an extraordinary and compelling reason. Defendant states:

> Mr. Brown is almost 50 years old. He has spent more time in prison than he has on the outside in his community. He is an older man now, rather than the hot-headed young man who made horrible decisions. With age and extensive reflection, Mr. Brown realizes how his choices have affected so many—his own family included.

(ECF No. 98, p. 12).

The court assumes all of this to be true. However, each of these factors were considered in fashioning Defendant's sentence. In sentencing Defendant to life, and later reducing that sentence to 45 years, the court knew Defendant would spend a significant amount of time in prison and anticipated he would use that time to focus on rehabilitation. The fact that he has done so is neither extraordinary, nor compelling.

Accordingly, Defendant has failed to show an extraordinary and compelling reason and his request for compassionate release must be denied. Consequently, there is no need to further discuss the applicable § 3553(a) factors.

## IV.  CONCLUSION

For all of the reasons stated above, Defendant has failed to offer any extraordinary or compelling reason which would justify a reduction in his current sentence. Accordingly, his motion (ECF No. 89) is denied.

IT IS SO ORDERED.

April 9, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge